# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND R. ROBISON,<br><br>Petitioner,<br><br>v.<br><br>E. VALENZUELA, Warden,<br><br>Respondent. | Case No. 1:15-cv-00520-LJO-BAM HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL IN PART OF PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM<br><br>(Doc. 1) |

**SCREENING ORDER**

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges the ten-year prison sentence that resulted following his violation of probation.  He raises four claims: (1) the illegality of the sentence under California law; (2) ineffective assistance of both trial and appellate counsel; (3)  the state court's abuse of discretion in imposing the ten-year sentence despite Petitioner's serious medical condition and the lack of seriousness of the conduct giving rise to the probation violation; and (4) the state court's abuse of discretion in failing to allow Petitioner to submit evidence of his medical evidence to prove that he had not willfully violated probation.

The matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  The undersigned recommends that the Court dismiss claims

one, three, and four, which are state claims not cognizable in federal habeas proceedings, and order the petition to proceed only on claim two, alleging ineffective assistance of counsel.

**I.      Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Procedural and Factual Background**

On July 23, 2013, Petitioner executed a plea waiver form, waived his constitutional rights pursuant to *Boykan v. Alabama* (395 U.S. 238 (1969)) and *In re Tahl* (1 Cal.3d 122 (1969)), and entered into a plea agreement.[1]  As part of the agreement, Petitioner admitted allegations of felony grand theft (Cal. Penal Code § 487 (a)(1)), felony receipt of stolen property (Cal. Penal Code § 496 (a)(2)), two counts of petty theft with a qualifying prior conviction (Cal. Penal Code § 666(3) & (4)), felony possession of methamphetamine (Cal. Health & Safety Code § 11377(5)), and misdemeanor resistance of an officer (Cal. Penal Code § 148(a)(6)).  Under the terms of the agreement, Petitioner faced a prison sentence of 12 years 4 months.[2]

On August 21, 2012, the state trial court granted appellant's request to strike the prior serious felony convictions.  Finding the proposed sentence of 12 years 4 months to be legally inappropriate, the court sentenced Petitioner to the upper term of three years and to seven consecutive one-year terms for each of the prior prison term enhancements for a total term of ten years.  (The court also

---

[1] Information regarding Petitioner's plea and sentencing are derived from *People v. Raymond Ray Robison* (Cal.Ct.App. April 10, 2014) (Fifth Appellate District No. F067525).
[2] Petitioner also admitted three prior serious felony convictions subject to the three strikes law and seven prior prison term enhancements.

2

imposed terms on the remaining felony counts and stayed them pursuant to Cal. Penal Code § 654.) The court then stayed execution of the sentence and placed Petitioner on probation. Terms and conditions of probation included that Petitioner serve a year in jail, not violate any other law, submit to a search of person or property without a warrant, not use or possess any controlled substances, not be in a place in which he knows controlled substances to be present, not associate with anyone he knows to possess controlled substances, submit to drug testing, and complete a substance abuse treatment program approved by his probation officer. On September 24, 2012, Petitioner executed a document memorializing the conditions of probation.

On March 13, 2013, Petitioner was arraigned on allegations of violating the terms and conditions of probation. Following a contested hearing, the trial court found that Petitioner had violated the terms of the agreement, revoked probation, lifted the stay on the ten-year sentence, and ordered Petitioner committed to prison.

Petitioner appealed his sentence to the Fifth Appellate District Court of Appeal, contending that imposition of a ten-year prison sentence was improper give the minimal nature of Petitioner's probation violation and his medical condition. The appellate court denied the appeal on April 10, 2014. On June 18, 2014, the California Supreme Court also denied Petitioner's appeal.

On February 18, 2014, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court. On April 21, 2014, the Superior Court denied Petitioner's contention that the court imposed an illegal sentence. The Fifth Appellate District Court of Appeal denied the petition for writ of habeas corpus on May 28, 2014; and the California Supreme Court denied the petition on June 27, 2014.

Petitioner filed a second petition for writ of habeas corpus, claiming ineffective assistance of trial and appellate counsel, on June 30, 2014. The Kern County Superior Court denied the petition on June 30, 2014; the Fifth Appellate District Court of Appeal denied it on November 25, 2014, and the California Supreme Court denied it on February 25, 2015.

On April 3, 2015, Petitioner filed a timely federal petition in this Court.

### III. Standard of Review

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.*

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court must apply its provisions. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012). Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established

4

Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

**IV.     California State Law Claims (Claims 1, 3, and 4)**

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitutions, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Re-examining state-court determinations of state-law questions is not the business of federal courts. *Wilson*, 562 U.S. at 5. In reviewing a federal habeas petition, a federal district court accepts a state court's interpretation of that state's law. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Addressing claim one, Petitioner contends that the Court can vacate an illegal sentence at any time as a violation of equal protection. His argument presupposes that a federal habeas court may reanalyze California law and declare his sentence illegal. Petitioner is wrong. This Court is bound by the California Supreme Court's interpretation of California sentencing laws unless the interpretation is untenable or is a veiled attempt to circumvent a federal question. *Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001). Since there is no suggestion in the record that the state court's interpretation of its sentencing laws encompassed an attempt to avoid review of a federal question, this Court is bound by the state court's interpretation and application of state law.

In claim three, Petitioner asks this Court to overrule the state court's sentencing analysis by concluding that Petitioner's failure to complete the drug treatment program and his use of methamphetamine while on probation, both violations of his plea agreement, were insufficiently serious to merit revocation of probation. Alleged errors in the application of state law are not cognizable in federal habeas corpus. *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002).

Finally, in claim four, Petitioner contends that the state court abused its discretion in refusing to admit certain medical evidence alleged to mitigate Petitioner's failure to comply with the terms of his plea agreement. A state court's erroneous refusal to admit evidence under the California Evidence Code or other state evidentiary provisions does not state a federal claim that would entitle Petitioner to relief in a § 2254 proceeding. *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

Because claims one, three, and four raise questions of state law properly addressed by the state court and outside the purview of federal habeas corpus relief, the Court should dismiss these claims without leave to amend.

## V.     Ineffective Assistance of Trial and Appellate Counsel

"[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). Counsel can deprive a defendant of his Sixth

Amendment right to effective assistance of counsel by failing to render adequate legal assistance. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Petitioner contends that both his trial and appellate counsel failed to ensure his rights by failing to raise the issue of the illegality of his sentence.  As a result, says Petitioner, he is facing an illegal and excessive sentence.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 688, 694.  The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Plaintiff's claim concerning the allegedly ineffective assistance of trial and appellate counsel is without merit.  Accordingly, the second ground of the petition, alleging ineffective assistance of trial and appellate counsel, states a cognizable claim and should be allowed to proceed.

**VI.     Conclusion and Recommendation**

In accordance with the foregoing analysis, the undersigned recommends that the Court find that claim two of the petition for writ of habeas corpus, alleging ineffective assistance of counsel, states a cognizable federal claim and may proceed.  In contrast, because claims one, three, and four present state claims that are not cognizable in a federal habeas corpus proceeding, the Court should dismiss claims one, three, and four with prejudice for failure to state a cognizable federal claim.

///

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 15, 2015**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE