# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND R. ROBISON,<br><br>    Petitioner,<br><br>  v.<br><br>E. VALENZUELA, Warden,<br><br>    Respondent. | Case No. 1:15-cv-00520-LJO-BAM   HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF GROUNDS ONE, THREE, AND FOUR FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 10) |

    Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

    On June 15, 2015, the Magistrate Judge filed findings and recommendation in which she recommended that the Court dismiss grounds one, three, and four for failure to state a cognizable federal claim and that the petition proceed on ground two only.  The findings and recommendations, which were served on Petitioner, provided that objections could be served within thirty days.  On July 10, 2015, Petitioner filed objections in which he argued that grounds one, three, and four actually constituted federal claims, claiming for the first time that the State courts' alleged illegal sentencing violated his rights of equal protection and due process.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having carefully reviewed the entire file *de novo* and considered Petitioner's objections, the Court finds that the petition clearly

1

indicates Petitioner's intent to challenge the legality of his sentence under state law.  Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); W*illiams v. Taylor*, 529 U.S. 362, 413 (2000). Petitioner's after-the-fact insistence that the State court's misapplication of its sentencing laws violated his federal constitutional rights does not transform Petitioner's allegations that California imposed a sentence that was illegal under its laws into a claim cognizable in federal habeas proceedings.  The Court finds that the recommendations are supported by the record and proper analysis, and declines to modify the findings and recommendations based on any point raised in the objections.

Accordingly, the Court hereby ORDERS that the findings and recommendations filed June 15, 2015, be adopted in full, dismissing grounds one, three, and four, and directing that the petition proceed only on ground two.  The Court REFERS the petition to the Magistrate Judge for further proceedingsincluding directing Respondent to file an answer to the petition.

IT IS SO ORDERED.

Dated:   **July 27, 2015**                            **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE