# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND R. ROBISON,<br><br>Petitioner,<br><br>v.<br><br>E. VALENZUELA, Warden,<br><br>Respondent. | Case No. 1:15-cv-00520-LJO-SKO HC<br><br>FINDINGS AND RECOMMENDATION THAT THE COURT DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner, Raymond Robison, is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner presents one ground for habeas relief: ineffective assistance of trial and appellate counsel. Having reviewed the record and applicable law, the undersigned recommends that the Court deny habeas relief.

**I.      Procedural and Factual Background**[1]

Petitioner was charged with six counts arising out of offenses he committed on June 8, 2012,

---
[1] Information regarding Petitioner's plea and sentencing are derived from *People v. Raymond Ray Robison* (Cal. App. April 10, 2014) (No. F067525).

1

against Guimarra Vineyards.[2] On July 23, 2012, Petitioner signed a plea agreement, in which he pled to felony grand theft (Cal. Penal Code § 487 (a)(1)), felony receipt of stolen property (Cal. Penal Code § 496 (a)(2)), two counts of petty theft with a qualifying prior conviction (Cal. Penal Code § 666(3) & (4)), felony possession of methamphetamine (Cal. Health & Safety Code § 11377(5)), and misdemeanor resistance of an officer (Cal. Penal Code § 148(a)(6)). Under the terms of the plea agreement, Petitioner faced a prison term of 12 years and 4 months. Petitioner also faced sentencing enhancements as he admitted to three prior serious felony convictions and seven prior prison term enhancements in the plea agreement.

On August 21, 2012, the state trial court granted Petitioner's request to strike his three prior serious felony convictions. The court sentenced Petitioner to three years in custody and to seven consecutive one-year terms for each of the seven prior prison term enhancements, for a total custody term of ten years.[3] The court stayed execution of the sentence and placed Petitioner on probation.[4] The terms and conditions of Petitioner's probation included that Petitioner (1) serve a year in jail; (2) not violate any other law; (3) submit to a search of person or property without a warrant; (4) not use or possess any controlled substances; (5) not be in a place in which he knows controlled substances to be present; (6) not associate with anyone he knows to possess controlled substances; and (7) submit to drug testing, and complete a substance abuse treatment program approved by his probation officer. On September 24, 2012, Petitioner signed a document memorializing the conditions of probation.

In March 2013, following a contested probation revocation hearing, the trial court found that Petitioner had violated the terms of his probation for failing to complete a substance abuse program and using methamphetamine. The court revoked Petitioner's term of probation, lifted the stay on the

---

[2] The record does not include information about these six counts.
[3] The court also imposed custody terms on the remaining felony counts and stayed them pursuant to Cal. Penal Code § 654.
[4] The record does not indicate why the Court stayed the sentence.

2

ten-year sentence, and ordered Petitioner to serve a custody term of ten years.

Petitioner appealed his sentence to the Fifth Appellate District Court of Appeal, contending that imposition of a ten-year prison sentence was improper given the minimal nature of Petitioner's probation violation and his medical condition.[5] The appellate court denied the appeal on April 10, 2014. The court found that more than a preponderance of the evidence established that Petitioner willfully violated the terms of his probation. On June 18, 2014, the California Supreme Court summarily denied Petitioner's appeal.

On February 18, 2014, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court, contending that the trial court imposed an illegal sentence, because his maximum sentence should have been six years, not ten, in accordance with California Penal Code § 1170.1(g).[6] 1994 Cal. Stat. 7202. On April 21, 2014, the Superior Court denied the petition, finding that § 1170.1(g) did not apply to Petitioner's case. The Fifth Appellate District Court of Appeal summarily denied the petition for writ of habeas corpus on May 28, 2014, and the California Supreme Court summarily denied the petition on June 27, 2014.

Petitioner filed a second petition for writ of habeas corpus, claiming ineffective assistance of trial and appellate counsel, on June 30, 2014. The Kern County Superior Court denied the petition on September 8, 2014. The Fifth Appellate District Court of Appeal summarily denied Petitioner's habeas petition on November 25, 2014. The California Supreme Court denied Petitioner's habeas petition on February 25, 2015.

On April 3, 2015, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner initially raised four grounds for habeas relief: (1) the illegality of his sentence under California law; (2) ineffective assistance of both trial and appellate counsel; (3) the state court's abuse of discretion

---

[5] At his probation revocation hearing, Petitioner described his medical issues as abdominal and bowel pain caused by cancer.
[6] A "term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term . . . unless" an enumerated exception applies. 1994 Cal. Stat. 7202.

3

in imposing a ten year sentence despite Petitioner's medical condition and the minimal nature of the conduct giving rise to the probation violation; and (4) the state court's abuse of discretion in failing to allow Petitioner to submit evidence of his medical condition to prove that he could not attend the substance abuse program. After screening the petition, the Court dismissed grounds one, three, and four for failure to state a cognizable claim. As such, Petitioner proceeds only on his ineffective assistance of trial and appellate counsel claim.

## II. <u>Standard of Review</u>

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

4

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner states both his trial and appellate counsel were ineffective for failing to challenge his illegal sentence. (Doc. 1 at 19.) Petitioner contends that counsel should have argued that the trial court imposed an illegal sentence because his maximum sentence should have been six years, not ten, in accordance with California Penal Code § 1170.1(g). 1994 Cal. Sta. 7202. Respondent counters that Petitioner's underlying argument of an illegal sentence is frivolous, because the statute to which Petitioner cites is no longer valid, and counsel need not present frivolous arguments. (Doc. 18 at 2.)

#### A. Standard of Review for Ineffective Assistance of Counsel Claims.

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice to Petitioner. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's

performance was deficient. *Id.*

## B. Counsel Did Not Have a Duty to Incorporate Claims Requested by Petitioner.

Petitioner contends that his trial and appellate counsel were ineffective because they did not argue that his sentence was illegal. (Doc. 1 at 19.) Petitioner relies on California Penal Code § 1170.1(g), which states that a "term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term . . . unless" an enumerated exception applies. 1994 Cal. Stat. 7202. California, however, repealed this limitation, known as the "double the base term" limitation, in 1997. *People v. Nguyen*, 87 Cal. Rptr. 2d 198, 204, n. 2 (1999); 1997 Cal. Stat. 5065-66. Petitioner was sentenced in 2012.

### 1. Trial Counsel Was Not Ineffective for Failing to Raise Petitioner's Meritless Claim.

Petitioner maintains that his trial counsel was ineffective for failing to challenge his illegal sentence. However, Petitioner bases his claim that his sentence was illegal on a statute that was repealed fifteen years before Petitioner was sentenced. *See Id.* "Failure to raise a meritless argument does not constitute ineffective assistance of counsel." *Boag v. Raines*, 769 F.3d 1341, 1344 (9th Cir. 1985) (citing *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977)); *see also Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance."). Because Petitioner's claim is meritless, the Court recommends denying Petitioner's ineffective assistance of trial counsel claim.

### 2. Appellate Counsel Did Not Have a Duty to Incorporate Petitioner's Claim.

Similarly, a defendant's right to appellate representation does not include a right to present frivolous arguments to the court. *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 436 (1988). An attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.* Further, no U.S. Supreme Court decision holds a "defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of

7

professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Appellate counsel cannot be found ineffective for failing to raise an argument that would not have been successful. *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992). Petitioner's argument would not have been successful because the statute that he cites is no longer valid in California. *Nguyen*, 87 Cal. Rptr. 2d at 204, n. 2. For these reasons, the Court recommends denying Petitioner's ineffective assistance of appellate counsel claim.

### IV. <u>Certificate of Appealability</u>

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

## V.     **Conclusion and Recommendation**

Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

9

Dated: **December 19, 2017**           /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE